# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | CRIMINAL ACTION |
| : | NO. 01-428-01 |
| v. : | |
| : | |
| ANTHONY MILLER : | |

## MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                                                 **JUNE 23, 2015**

Presently before this Court is Petitioner, Anthony Miller's ("Miller"), pro se[1] Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion"), the Government's Response, and Miller's Reply. For the reasons set forth below, this Motion is denied.

## I. PROCEDURAL HISTORY

On July 26, 2001, Miller was charged by a federal grand jury with one count of possession of fifty or more grams of cocaine base ("crack") in violation of 21 U.S.C. § 846 (a)(1). The indictment also charged co-Defendant, Tracy Clark ("Clark"), with drug distribution and firearms offenses.[2] Miller proceeded to a jury trial before this Court, and on May 8, 2002, was found guilty of the charged offense.

Thereafter, the Probation Office ("PO") determined that Miller's offense involved 59.9 grams of crack, and that the base offense level was 32 pursuant to the United States Sentencing

---

[1]Pro se litigants are entitled to a liberal reading of their filings. See Ellington v. Cortes, 532 F. App'x 53, 55 (3d Cir. 2013). Accordingly, we make our best attempt at interpreting Miller's submissions and the allegations and arguments contained therein.

[2]Clark originally entered a guilty plea before this Court on May 6, 2002, but later, withdrew the plea, and was ultimately found guilty on June 4, 2003, after a jury trial before this Court.

Guidelines ("U.S.S.G.) § 2D1.1. (Presentence Report ("PSR") ¶ 16.) The PSR noted that Miller had at least two prior convictions for drug trafficking and aggravated assault, and that based on these prior convictions, Miller was classified as a career offender under U.S.S.G. § 4B1.1, with an offense level of 37. (Id. ¶ 24.) The PO determined that Miller was in criminal history category VI, and his guideline range was 360 months to life imprisonment. (Id. ¶ 51.)

At the sentencing hearing held on July 11, 2003, this Court adopted the guideline range in the PSR and imposed a sentence of 360 months imprisonment. (Doc. No. 124.) Miller, subsequently, appealed this conviction to the United States Court of Appeals for the Third Circuit (the "Third Circuit") who affirmed the conviction on September 30, 2004. See United States v. Clark, 110 F. App'x 245 (3d Cir. 2004).

Miller filed his first Motion for relief under § 2255 on January 25, 2006, challenging his conviction and sentence on several grounds. (Doc. No. 147.) However, on February 6, 2006, this Court ordered Miller to refile the Motion on the proper form within thirty days. (Doc. No. 150.) This Order also stated that failure to do so would result in the dismissal of the action. (Id.) Miller refiled the Motion on March 22, 2006. (Doc. No. 157.) On March 23, 2006, this Court dismissed the Motion without prejudice for failure to comply with the February 6, 2006 Order directing him to refile his Motion within thirty days. (Doc. No. 158.) On April 10, 2006, Miller filed a Motion for Reconsideration of this dismissal, which this Court denied on June 26, 2006.[3] See United States v. Miller, No. 01-428-01, 2006 WL 1789050, at *1 (E.D. Pa. June 26, 2006).

---

[3]In denying the Motion for Reconsideration, we determined that "petitioner failed to comply with 'the clear and unambiguous language of this Court's Order,' directing petitioner to 'complete this court's current standard form as directed by Local Civil Rule 9.3(a) (that is, by setting forth his entire argument on the form itself, without recourse to any attachments).'" See Miller, 2006 WL 1789050, at *3.

Miller did not file any further Motions until September 28, 2012, when he filed a "Motion to Correct Judgment Under Fed. R. Crim. P. 36," asking the Court to "correct a clerical error in its judgment." (Doc. No. 194.) This Court denied this Motion on December 5, 2012. (Doc. No. 195.) Miller then again filed this identical Motion on April 19, 2013, which was also denied by this Court on June 19, 2013. (Doc. Nos. 198-199.)

Miller filed the current Motion for Relief under § 2255, seeking relief under Amendment 782 to the Sentencing Guidelines, which lowered the penalties for most drug offenses by reducing offense levels on the Section 2D1.1 Drug Quality Table by two levels. (See § 2255 Mot. at 6.) Miller, however, acknowledges in the Motion that he is not eligible for relief under Amendment 782 because his guideline range was set by the career offender guideline and not by Section 2D1.1, and Amendment 782 does not affect the career offender provision. (Id. at 13.) Rather, he argues that relief should be granted because the United States Sentencing Commission's failure to extend relief to career offenders who were convicted of drug offenses violates the Equal Protection Clause of the Fifth Amendment and results in the denial of due process. (Id. at 13-30.) Specifically, Miller states that he is "challenging the United States Sentencing Commission's promulgation of United States Sentencing Guideline (USSG), Amendment 782, to the extent that it excludes relief for offenders with USSG Chapter 4B enhancements." (Id. at 13.) Miller states further that he "believes the same violates his equal protection rights which are applicable through the Fifth Amendment of the Constitution." (Id.)

## II. DISCUSSION

The Government argues that because this instant § 2255 Motion is a second or successive Motion, which Miller has failed to obtain permission from the Third Circuit to file, this Court

3

lacks the authority to consider the Motion, and it should be dismissed. (Govt's Resp. at 3-4.) We agree.

To collaterally attack a conviction or sentence, a federal prisoner must file a motion under § 2255.[4] In 1996, § 2255 was amended to limit a federal prisoner to one such motion. Federal Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214, 1220 (codified as amended at 28 U.S.C. § 2255 (2000)). After AEDPA's enactment, a "second or successive" petition may be filed only with the approval of the Court of Appeals, and only if it relies on either a new rule of constitutional law or newly discovered facts. Id.

§ 2255 provides in part:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain- -
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

---

[4] § 2255 provides, in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

Section 2244, to which Section 2255 refers, requires that a petitioner file a motion in the Court of Appeals seeking leave to file a second or successive petition, and states that "[t]he court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection." 28 U.S.C. § 2244 (b)(3)(B), (C).

Here, Miller has failed to file the required motion in the Third Circuit as mandated by the above section. In addition, even if the Third Circuit had authorized the filing of this successive petition, the petition would still fail since it does not assert any newly discovered evidence, or assert the application of a new rule of constitutional law.[5] Nonetheless, we dismiss this Motion without prejudice to Miller's right to petition the Third Circuit for leave to file a successive petition.

An appropriate Order follows.

---

[5]We note that the Supreme Court has recognized that defendants have no constitutional right to sentence reduction under retroactive guideline amendments. See Dillon v. United States, 560 U.S. 817 (2010). The Supreme Court explained:

> Notably, the sentence-modification proceedings authorized by § 3582(c)(2) are not constitutionally compelled. We are aware of no constitutional requirement of retroactivity that entitles defendants sentenced to a term of imprisonment to the benefit of subsequent Guidelines amendments. Rather, § 3582(c)(2) represents a congressional act of lenity intended to give prisoners the benefit of later enacted adjustments to the judgments reflected in the Guidelines

Id. at 828.