IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | NO.  01-428-01 |
| v. | : | |
| | : | |
| ANTHONY MILLER | : | |
| | : | |

MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                         NOVEMBER 4, 2015

Presently before this Court is Petitioner, Anthony Miller's ("Miller"), pro se Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion"), the Government's Response, Miller's Reply, and the Government's Supplemental Response.  For the reasons set forth below, this Motion is denied.

**I.  PROCEDURAL HISTORY**

On July 26, 2001, Miller was charged by a federal grand jury with one count of possession of fifty or more grams of cocaine base ("crack") in violation of 21 U.S.C. § 846 (a)(1).  The indictment also charged co-Defendant, Tracy Clark ("Clark"), with drug distribution and firearms offenses.[1]  Miller proceeded to a jury trial before this Court and was found guilty of the charged offense on May 8, 2002.

Thereafter, the Probation Office ("PO") determined that Miller's offense involved 59.9 grams of crack, and that the base offense level was 32 pursuant to the United States Sentencing Guidelines ("U.S.S.G.") § 2D1.1.  (Presentence Report ("PSR") ¶ 16.)  The PSR noted that Miller had at least two prior convictions for drug trafficking and aggravated assault.  (Id. ¶ 24.)

---

[1]Clark originally entered a guilty plea before this Court on May 6, 2002, but later, withdrew the plea, and was ultimately found guilty on June 4, 2003, after a jury trial before this Court.

Based on these prior convictions, Miller was classified as a career offender under U.S.S.G. § 4B1.1, with an offense level of 37.[2]  (Id.)  The PO determined that Miller was in criminal history category VI with a guideline range of 360 months to life imprisonment.  (Id. ¶ 51.)

At the sentencing hearing held on July 11, 2003, this Court adopted the guideline range in the PSR and imposed a sentence of 360 months imprisonment.  (Doc. No. 124.)  Miller appealed this conviction to the United States Court of Appeals for the Third Circuit ("Third Circuit") who affirmed the conviction on September 30, 2004.  See United States v. Clark, 110 F. App'x 245 (3d Cir. 2004).

Miller filed his first motion for relief under 28 U.S.C. § 2255 on January 25, 2006, challenging his conviction and sentence on several grounds.  (Doc. No. 147.)  However, on February 6, 2006, this Court ordered Miller to refile the motion on the proper form within thirty days.  (Doc. No. 150.)  This Order also stated that failure to do so would result in the dismissal of the action.  (Id.)  Miller refiled the motion on March 22, 2006.  (Doc. No. 157.)  On March 23, 2006, this Court dismissed the motion without prejudice for failure to comply with the February 6, 2006 Order directing him to refile his motion within thirty days.  (Doc. No. 158.)  On April 10, 2006, Miller filed a Motion for Reconsideration of this dismissal, which this Court denied on

---

[2] A defendant is a career offender if: (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.  U.S.S.G. § 4B1.1(a).
 The Sentencing Guidelines further state that if "the offense level of a career offender . . . is greater than the offense level otherwise applicable, the [career offender] offense level . . . shall apply."  U.S.S.G. § 4B1.1(b) The Government states that "[i]n contrast, if the Section 2D1.1 offense level exceeds the career offender range, the defendant is eligible for a reduction in offense level to any point above or at the career offender offense level, but no lower." (Govt.'s Resp. at 7 n.3.)

June 26, 2006.³  See United States v. Miller, Cr. No. 01-428-01, 2006 WL 1789050, at *1 (E.D. Pa. June 26, 2006).  Miller did not file any further motions until September 28, 2012, when he filed a "Motion to Correct Judgment Under Fed. R. Crim. P. 36," asking the Court to "correct a clerical error in its judgment."  (Doc. No. 194.)  On December 5, 2012, we denied the Motion.  (Doc. No. 195.)  Miller then filed an identical motion on April 19, 2013, which was also denied by this Court on June 19, 2013.  (Doc. Nos. 198, 199.)

Miller filed the current pro se § 2255 Motion seeking a sentence reduction under Amendment 782 of the Sentencing Guidelines.⁴  (See § 2255 Mot.)  The Government sought dismissal of the § 2255 Motion on the ground that it was a second or successive motion, which Miller had failed to obtain permission from the Third Circuit to file.  (Govt.'s Resp. at 3-4.)  Miller filed a Reply.  (See Reply to Govt.'s Resp.)  The Court agreed with the Government and denied Miller's § 2255 Motion without prejudice to his right to petition the Third Circuit for leave to file a second or successive petition.  (Doc. No. 210.)  Miller filed such an application with the Third Circuit, and, on August 8, 2015, the Third Circuit denied Miller's motion as unnecessary.  (Doc. No. 211.)  The Third Circuit found that this Court dismissed Miller's first § 2255 Motion without ruling on the merits of the motion; therefore, his second motion is not treated as a second or successive petition.  (Id.)  This Court ordered the Government to address Miller's arguments on the merits, which it did by filing its Supplemental Response on August 26,

---

³ In denying the Motion for Reconsideration, we determined that "petitioner failed to comply with 'the *clear and unambiguous language* of this Court's Order,' directing petitioner to 'complete this court's current standard form as directed by Local Civil Rule 9.3(a) (that is, *by setting forth his entire argument on the form itself, without recourse to any attachments*).'"  See Miller, 2006 WL 1789050, at *3.

⁴ "[W]e remain mindful of our obligation to construe a pro se litigant's pleadings liberally."  Capogrosso v. The Supreme Court of New Jersey, 588 F.3d 180, 184 n.1 (3d Cir. 2009).

2015.  (Doc. Nos. 212, 213.)

On August 27, 2015, Miller filed a pro se "Motion to Reinstate Civil Action and/or Motion for Relief From Judgment, Fed. R. Civ. P. 60(b)(4), (5), or (6)," which was denied as moot.  (Doc. Nos. 214, 215.)  The Court ordered that Miller shall reply to the Government's Supplemental Response on or before October 8, 2015.  (Id.)  Miller never filed any reply.

## II. DISCUSSION

### A.  The Fair Sentencing Act and Amendment 782

The Fair Sentencing Act of 2010, Pub. L. No. 111–220, 124 Stat. 2372, 21 U.S.C. § 841 (2010) ("FSA"), increased the quantity of crack cocaine necessary to trigger the 10 year mandatory minimum for prior felony drug offenders from 5 grams to 28 grams.  See 21 U.S.C. § 841(b)(1)(B)(iii).  The FSA does not retroactively apply to defendants, such as Miller, who committed their crimes and were sentenced prior to when it was signed into law.  See Dorsey v. United States, — U.S. —, 132 S. Ct. 2321, 2336 (2012); United States v. Turlington, 696 F.3d 425, 428 (3d Cir. 2012); United States v. Dixon, 648 F.3d 195, 203 (3d Cir. 2011); United States v. Reevey, 631 F.3d 110, 115 (3d Cir. 2010).

The Government asserts that Miller seeks relief based on the retroactive application of the FSA, and not Amendment 782 to the U.S.S.G.  (Govt.'s Suppl. Resp. at 9.)  Specifically, the Government argues that Miller is requesting that his sentence be reduced to the low end of the amended range of 262 to 327 months apparently arriving at this range by applying the lower career offense level that would apply under the FSA.  (Id.; see also § 2255 Mot. Mem. Law at 17.)  The Government explains that "[a]t the time of his sentencing in 2003, Miller's conviction for possession of more than 50 grams of crack with intent to distribute carried a statutory

4

maximum sentence of life, which triggered an offense level of 37 under Section 4B1.1." (Id. at 9 n.4.)  The Government further states that "[i]t would now carry a maximum sentence of 40 years and the Section 4B1.1 offense level would be 34.  A level 34, criminal history category of VI, results in a guideline range of 262 to 327 months." (Id.)  The FSA, which went into effect in 2010, clearly does not apply retroactively to Miller, who was sentenced in 2003.  See Dorsey, — U.S. —, 132 S. Ct. at 2336.  Therefore, the FSA does not justify reducing Miller's sentence.

"The Sentencing Commission promulgated amendments to conform the Guidelines to the FSA and to make the changes apply retroactively." United States v. Jones, 605 F. App'x 81, 82 (3d Cir. 2015) (citing U.S.S.G. app. C, amends. 750, 759 (2011)); see also Braxton v. United States, 500 U.S. 344, 348 (1991) ("Congress has granted the Commission the unusual explicit power to decide whether and to what extent its amendments reducing sentences will be given retroactive effect.").  "Amendment 782 to the Guidelines, which came into effect on November 1, 2014, and has been applied retroactively, reduced by two the base offense levels assigned to specific drug quantities." Id. (citing U.S.S.G. § 2D1.1(c) & app. C. supp., amends. 782, 788 (2014)).  Miller acknowledges that he cannot benefit from Amendment 782's reduction of two offense levels assigned to most drug quantities under the drug-offense guideline (§ 2D1.1) because he was sentenced under the career offender guidelines (§ 4B1.1), which have not been amended.  (§ 2255 Mot. Mem. Law at 1.)

Miller argues that relief should be granted because the United States Sentencing Commission's failure to extend relief to career offenders who were convicted of drug offenses

violates the Equal Protection Clause of the Fifth Amendment.[5] (Id. at 1-17.) Specifically, Miller states that he is "challenging the United States Sentencing Commission's promulgation of United States Sentencing Guideline (USSG), Amendment 782, to the extent that it excludes relief for offenders with USSG Chapter 4B enhancements." (Id. at 3.) Miller states further that he "believes the same violates his equal protection rights which are applicable through the Fifth Amendment of the Constitution." (Id.)

### B. 18 U.S.C. § 3582(c)(2)

Miller requests that this Court reduce his sentence to 262 months under 18 U.S.C. § 3582(c)(2). (§ 2255 Mot. Mem. Law at 17.) The Government argues that Miller's claim falls under 18 U.S.C. § 3582(c)(2), and not 28 U.S.C. § 2255, because he is not challenging the validity of his original sentence on any ground, but is seeking a reduced sentence under retroactive U.S.S.G. Amendment 782 by challenging the constitutionality of the Sentencing Commission's policy statement precluding relief for those sentenced under the career offender guideline. (Govt.'s Suppl. Resp. at 3-4.) As such, the Government asserts that he should pursue his claim in a motion for relief under 18 U.S.C. § 3582(c)(2). Id.

18 U.S.C. § 3582(c)(2) permits a court to modify a sentence where a retroactive guideline amendment lowers a defendant's sentencing range as long as the reduction is consistent with applicable policy statements issued by the Sentencing Commission. See Dillon v. United States, 560 U.S. 817, 819 (2010) (citing 18 U.S.C. § 3582(c)(2)).

---

[5] "Although the Fifth Amendment by its own terms does not reference equal protection, the Supreme Court has interpreted it to include an equal protection element." United States v. Lopez, 650 F.3d 952, 960 n.8 (3d Cir. 2011) (citing Bolling v. Sharpe, 347 U.S. 497, 499 (1954)). The United States Supreme Court's analysis of Fifth Amendment equal protection claims has been identical to equal protection claims under the Fourteenth Amendment; therefore, we proceed accordingly here. Id. (citation omitted).

Specifically, 18 U.S.C. § 3582(c)(2) provides:

> In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 944(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). "A district court only has the authority to consider whether a defendant should receive a reduction in his sentence under § 3582(c)(2) when the defendant has been: (1) sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission; and when such a reduction is (2) consistent with the applicable policy statements issued by the Sentencing Commission." United States v. Weatherspoon, 696 F.3d 416, 422 (3d Cir. 2012) (citing 18 U.S.C. § 3582(c)(2); United States v. Doe, 564 F.3d 305, 309 (3d Cir. 2009) *superseded by statute on other grounds as recognized in* United States v. Savani, 733 F.3d 56 (3d Cir. 2013)); see also Dillon, 560 U.S. at 821 ("Any reduction must be consistent with applicable policy statements issued by the Sentencing Commission."); United States v. Ware, 694 F.3d 527, 532 (3d Cir. 2012) ("The plain language of the statute, therefore, specifically incorporates the Commission's policy statements.")

   *1. Sentencing Commission Policy Statement U.S.S.G. § 1B1.10*

The relevant Sentencing Commission policy statement is U.S.S.G. § 1B1.10 ("Policy Statement § 1B1.10"), which provides:

> In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the

7

<sub>
</sub>
<sub>
</sub>

> Guidelines Manual listed in subsection (d ) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

U.S.S.G. § 1B1. 10(a)(1) (2014). U.S.S.G. § 1B1.10(a)(2) contains the following exclusion to this general rule stating that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the amendment] does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2). When considering whether an amendment to an applicable guideline requires a reduction in a defendant's sentence, U.S.S.G. § 1B1.10(b)(1) provides that the court "shall leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1).

> Commentary to Policy Statement § 1B1.10 provides:
>
>> Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (d) that lowers the applicable guideline range (i.e., the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance). Accordingly, a reduction in the defendant's term of imprisonment is not authorized under18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if . . . (ii) an amendment listed in subsection (d) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment).

U.S.S.G. § 1B1.10, cmt. n.1(A) (2104). "We will keep in mind that guidelines commentary, interpreting or explaining the application of a guideline, is binding on us when we are applying

8

that guideline because we are obligated to adhere to the Commission's definition." Savani, 733 F.3d at 62 (citing Stinson v. United States, 508 U.S. 36, 43 (1993)).

    *2. Analysis*

Miller's sentence was based on his career offender status; therefore, the "applicable guideline range" for him is the guideline range reflecting his career offender designation, which has not been affected by Amendment 782. There is nothing in the record indicating that he was sentenced "based on" U.S.S.G. § 2D1.1 as required to qualify for a sentence reduction under 18 U.S.C. § 3582(c)(2). As a result, Policy Statement § 1B1.10 is inapplicable in this case because the "applicable guideline range" was not reduced by Amendment 782. See Ware, 694 F.3d at 532. Consequently, neither Amendment 782 nor 18 U.S.C. § 3582(c)(2) apply to Miller who was sentenced directly under the career offender guidelines. See id. at 531-34; see also United States v. Mateo, 560 F.3d 152, 155 (3d Cir. 2009) ("[Amendment] only affects calculation under § 2D1.1(c), and the lowering of the base offense level under § 2D1.1(c) has no effect on the application of the career offender offense level by § 4B1.1"); United States v. Thompson, 290 F. App'x 519, 520 (3d Cir. 2008) (holding that the defendant, who was sentenced as a career offender under § 4B1.1, was "not eligible for a sentence reduction as a result of the amendments to § 2D1.1" because "[t]he amendment to § 2D1.1 played no role in determining the recommended guideline range for his sentence"). Consequently, Miller's request for relief pursuant to 18 U.S.C. § 3582(c)(2) is denied.

### C. **28 U.S.C. § 2255**

Since he is not entitled to a reduction under the plain language of Policy Statement § 1B1.10, Miller appears to assert in his § 2255 Motion that it should not be followed because it

9

violates the equal protection component of the Fifth Amendment by operating to make career offenders with prior convictions based on drug crimes ineligible for a sentencing reduction under Amendment 782 resulting in unwarranted sentencing disparities.[6]  (See § 2255 Mot. Mem Law at 16.)  The Government argues that Miller's § 2255 claim fails on its merits because "the distinction in Section 1B1.10 between those sentenced under Section 2D1.1 and those sentenced under the career offender provision not only has a rational basis, but fulfills an express Congressional directive to punish more harshly repeat offenders with serious prior convictions." (Govt.'s Suppl. Resp. at 9.)

   *1. Rational Basis Review*

The distinction made by the Sentencing Commission in Policy Statement § 1B1.10 between those sentenced under § 2D1.1 and those sentenced under the career offender provision of § 4B1.1 "neither burdens a fundamental right nor targets a suspect class;" therefore, we must "uphold [the distinction] so long as it bears a rational relation to some legitimate end."[7]  Romer v. Evans, 517 U.S. 620, 631 (1996); see also United States v. Deamues, 553 F. App'x 258, 260-61 (3d Cir. 2014); Doe v. Pa. Bd. of Probation & Parole, 513 F.3d 95, 107 (3d Cir. 2008).  "A classification passes rational basis review 'if there is *any* reasonably conceivable state of facts

---

[6] It is unclear if Miller's § 2255 Motion is properly considered under 28 U.S.C. § 2255.  Since Miller asserts a constitutional claim, and the Third Circuit has directed that the § 2255 Motion be addressed, we review it pursuant to 28 U.S.C. § 2255.  A § 2255 motion may be denied without holding an evidentiary hearing if the "motion and the files and records of the case conclusively show" that the petitioner is not entitled to relief.  28 U.S.C. § 2255; see also United States v. Booth, 432 F.3d 542, 545-46 (3d Cir. 2005).  Based upon the analysis of the issues, we conclude that the § 2255 Motion, files, and records of this matter conclusively show that Miller is not entitled to relief on his claim.  Accordingly, we dispose of his § 2255 Motion without need for an evidentiary hearing.

[7] "We interpret United States Sentencing Guidelines the same way we interpret statutes."  United States v. Jenkins, 275 F.3d 283, 287 (3d Cir. 2001); see also United States v. Duran, 528 F. App'x 215, 222 n.11 (3d Cir. 2013) ("The Sentencing Guidelines are quasi-legislative, and so for purposes of the due process analysis, we treat them like a statute.").

that could provide a rational basis for the classification.'" Deamues, 553 F. App'x at 260 (quoting F.C.C. v. Beach Commc'ns, Inc., 508 U.S. 307, 313 (1993)). "In short, '[t]he threshold for upholding distinctions in a statute under rational-basis review is extremely low.'" Id. (quoting United States v. Pollard, 326 F.3d 397, 408 (3d Cir. 2003)). "Moreover, where rational basis review applies, 'the burden is on the one attacking the legislative arrangement to negative every conceivable basis which might support it, whether or not the basis has a foundation in the record.'" Id. at 260-61 (quoting Heller v. Doe, 509 U.S. 312, 320–21 (1993) (internal quotation marks, citation, and alterations omitted)).

*2. Analysis*

"In the Sentencing Reform Act of 1984, Congress directed the Sentencing Commission to 'assure that the guidelines specify a sentence to a term of imprisonment at or near the maximum term authorized' for adult offenders who (1) are convicted of a felony controlled substance offense or a felony crime of violence, and (2) have two or more such prior felony convictions." United States v. Merced, 603 F.3d 203, 217 (3d Cir. 2010) (citing 28 U.S.C. § 994(h)(1)-(2); United States v. Sanchez, 517 F.3d 651, 662-64 (2d Cir. 2008) (tracing the origins of § 4B1.1)). "The Commission implemented this directive in § 4B1.1 of the Guidelines, which prescribes increased offense levels - and thus, all else equal, harsher recommended sentences - for 'career offenders.'" Id. "Consistent with 28 U.S.C. § 994(h), § 4B1.1 provides that a defendant is a career offender if '(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.'" Id.

(quoting U.S.S.G. § 4B1.1(a)).

Amendment 782 "was passed to reflect the Sentencing Commission's finding that 'setting the base offense levels slightly above the mandatory minimum penalties is no longer necessary to achieve its stated purpose,' and 'was also motivated by the significant overcapacity and costs of the Federal Bureau of Prisons,' as the amendment is expected to help alleviate prison crowding issues." United States v. Torres-Montalvo, Cr. No. 95-70, 2015 WL 4570512, at *2 (D.N.J. July 27, 2015) (citing Amendment 782); see also Govt.'s Suppl. Resp. at 7-8 (citing Reasons for Amendment 782, U.S.S.G. Appx. C (Nov. 1, 2014)).  Regarding career offenders, in its commentary explaining Amendment 782, the Commission stated that "guideline enhancements for offenders who . . . are . . . career offenders, ensure that the most dangerous or serious offenders will continue to receive appropriately severe sentences."  U.S.S.G. Supp. to App. C, amend. 782 (2014); see also United States v. Thomas, 775 F.3d 982, 983 (8th Cir. 2014) ("[Amendment 782] did not lower the sentencing range established for a career offender by § 4B1.1 . . . . The Commission made this clear in its commentary explaining Amendment 782.").

Pursuant to a rational basis review, it is clear that the Sentencing Commission was rational in enhancing the sentences of career offender defendants convicted of two or more similar and serious crimes.[8]  Ensuring that the most dangerous or serious criminals who are repeat offenders will continue to receive appropriately severe sentences clearly furthers the legitimate governmental purpose of preventing repeat offenders from continuing to victimize

---

[8] We, again, note that "[t]he career offender guidelines are the Sentencing Commission's response to instruction from Congress, in the Sentencing Reform Act of 1984, that repeat perpetrators of violent crimes and repeat drug traffickers should be sentenced 'to a term of imprisonment at or near the maximum term authorized,' 28 U.S.C. § 994(h) (1988)." United States v. Butler, 970 F.2d 1017, 1023 (2d Cir. 1992) (citations omitted).

society. See United States v. John, 936 F.2d 764, 766 n.2 (3d Cir. 1991) ("At all events, the career offender legislation scheme bears a rational relationship to a legitimate governmental purpose - to prevent repeat offenders from continuing to victimize society."), *abrogated on other grounds by Guidelines Amendments,* 223 U.S.S.G. App. C at 303–04, amend. 433 (effective Nov. 1, 1991) and at 337–38, amend. 461 (effective Nov. 1, 1992), *as recognized in* United States v. Taylor, 98 F.3d 768, 770–71 (3d Cir. 1996); see also United States v. Johns, 984 F.2d 1162, 1164 (11th Cir. 1993) ("The career offender scheme of using a defendant's criminal record in considering both his offense level and his criminal history under the Sentencing Guidelines bears a rational relationship to a legitimate governmental purpose - 'to prevent repeat offenders from continuing to victimize society.'"); United States v. Brant, 62 F.3d 367, 368 (11th Cir. 1995) (holding that sentencing a person as a career offender "bears a rational relationship to a legitimate governmental purpose"); United States v. Guajardo, 950 F.2d 203, 207 (5th Cir. 1991) ("We find that a district court's consideration of past offenses is related to the goal of having dangerous criminals serve longer sentences; using these prior offenses to calculate another sentence is rationally related to achieving that goal and promotes respect for the law, provides deterrence, and protects the public from further crimes.")

Policy Statement § 1B1.10 appropriately maintains the distinction between those sentenced under § 2D1.1 and those sentenced under the career offender provision and furthers the purposes of sentencing. Miller has failed to demonstrate that the governmental purpose is illegitimate and that Policy Statement § 1B1.10 is not rationally related to achieving this purpose. See United States v. Stiggers, 499 F. App'x. 954, 956 (11th Cir. 2012) (finding that the exclusion of career offenders from the retroactive amendments does not violate due process and equal

protection rights); United States v. Fritz, Cr. No. 13-2-001, 2015 WL 1932945, at *2 (W.D. Va. Apr. 29, 2015) (rejecting Equal Protection Clause argument that operation of the career offender guideline in drug cases involving Amendment 782 is irrational stating that "[i]t is certainly not irrational for the guidelines to suggest an even higher sentence for those convicted of two or more similar and serious crimes."); United States v. Hill, Cr. No. 04-40052, 2014 WL 5794799, at *5 (N.D. Cal. Nov. 6, 2014) (denying Equal Protection claim based on failure to extend the benefit of retroactivity stating that "[defendant] does not . . . define how treating him differently than other offenders because he has a different criminal history than the others, gives rise to an Equal Protection violation" and "[d]ifferent sentencing outcomes based on different criminal histories is one of the core principles of Guideline sentencing").

     Miller is requesting that we calculate a sentence range ignoring the career offender provision and applying the new provisions of § 2D1.1. (See Reply to Govt.'s Resp. at 7.) He states that "[m]ovant is not arguing that the career offender provision is illegitimate. He's arguing that the disparity created in federal sentencing of career offender's [sic] should not be treated differently from other offenders." (Id.) Granting Miller's request would significantly underrepresent his status as a career offender, and creates a risk of unwarranted disparities between himself and other similarly situated offenders sentenced under the career offender provision. See United States v. Rivera, 535 F. Supp. 2d 527, 531 (E.D. Pa. 2008); United States v. Williams, Cr. No. 04-12, 2015 WL 1607967, at *3 (N.D. Ill. Apr. 9, 2015). Such a result would be inconsistent with both the mandate by Congress and Policy Statement § 1B1.10.

     Although Miller argues against Policy Statement § 1B1.10, he fails to negate every conceivable basis which might support it. As such, we find that Policy Statement § 1B1.10

clearly survives rational basis review and that the challenged classification does not violate the Equal Protection Clause.  Consequently, Miller's § 2255 Motion is denied.

### III. CONCLUSION

For the above stated reasons, Miller is ineligible for a sentencing reduction under § 3582(c)(2) because his applicable guideline range was not lowered by Amendment 782. Additionally, we conclude that the Sentencing Commission's Policy Statement § 1B1.10 clearly survives rational basis review and that the challenged classification does not violate the Equal Protection Clause.  Accordingly, we will deny Miller's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255.

An appropriate Order follows.