IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | NO.  01-428-01 |
| v. | : | |
| | : | |
| ANTHONY MILLER | : | |
| | : | |

### MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                                              **JANUARY 12, 2016**

Presently before this Court is Petitioner, Anthony Miller's ("Miller"), pro se Motion to Alter or Amend Judgment (Fed. R. Civ. P. 59(e)), and the Government's Response.  For the reasons set forth below, the Motion is denied.

**I.     PROCEDURAL HISTORY**

On November 4, 2015, we denied Miller's pro se Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (§ 2255 Motion").[1]  (Doc. Nos. 216, 217.)  We stated that Miller was ineligible for a sentencing reduction under 18 U.S.C. § 3582(c)(2) because his applicable guideline range was not lowered by Amendment 782 to the United States Sentencing Guidelines.  (Doc. No. 216.)  Additionally, we concluded that the United States Sentencing Commission's Policy Statement § 1B1.10 clearly survives rational basis review and that the challenged classification does not violate the Equal Protection Clause.  (Id.)

---

[1] Miller notes that the November 4, 2015 Memorandum Opinion states that he never filed a reply to the Government's Supplemental Response.  (Miller's Mot. to Alter or Amend J. at 3.)  Miller states that, "[o]n September 21, 2015, [he] sent his reply to the court and served the same upon the government." (Id.)  The Court has not received this document from Miller nor has it been filed and included as part of the docket.

Miller filed his pro se Rule 59(e) Motion on November 27, 2015.[2]  (Doc. No. 218.) Miller argues that there are legal errors in the November 4, 2015 Memorandum Opinion that need to be remedied.  (Id.)  The Government filed its Response on January 8, 2016, asserting that Miller's claims of legal error are meritless.  (Doc. No. 226.)

## II.   STANDARD OF REVIEW

"A motion under Rule 59(e) is a device to relitigate the original issue decided by the district court, and used to allege legal error."  United States v. Fiorelli, 337 F.3d 282, 288 (3d Cir. 2003) (citation omitted).  "[A] proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice."  Wiest v. Lynch, 710 F.3d 121, 128 (3d Cir. 2013) (quoting Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010)).  "The scope of a motion for reconsideration . . . is extremely limited."  Blystone v. Horn, 664 F.3d 397, 415 (3d Cir. 2011).  "Such motions are not to be used as an opportunity to relitigate the case; rather, they may be used only to correct manifest errors of law or fact or to present newly discovered evidence."  Id. (citation omitted).

## III.  DISCUSSION

This Court will deny Miller's Rule 59(e) Motion because he has not shown an intervening change in controlling law, the availability of new evidence, or the need to correct clear error of law or prevent manifest injustice.[3]  While Miller asserts that he brings his Motion to correct all of

---

[2] On this same date, Miller filed a Notice of Appeal of the Court's denial of his § 2255 Motion, and an application for a certificate of appealability.  (Doc. Nos. 219, 220.)  On December 18, 2015, this Court issued an order denying the request for a certificate of appealability.  (Doc. No. 224.)

[3] "[W]e remain mindful of our obligation to construe a pro se litigant's pleadings liberally."  Capogrosso v. The Supreme Court of New Jersey, 588 F.3d 180, 184 n.1 (3d Cir. 2009).

the legal errors contained in the November 4, 2015 Memorandum Opinion, he merely reiterates the claims set forth in his § 2255 Motion and criticizes how the Court addressed and rejected them. He does not set forth any clear error of law or manifest injustice.

The Court has thoroughly reviewed the record and its November 4, 2015 Memorandum Opinion and Order. All of the issues presented in Miller's Rule 59(e) Motion were adequately addressed by the Court. The law has not changed and there is no new evidence. Miller does not present any pertinent argument showing the need to correct clear error of law or prevent manifest injustice. He merely disagrees with the Court's ruling. While Miller may disagree with our conclusions and outcome, we find no basis to reconsider the earlier decision. Miller has failed to demonstrate any of the aforementioned grounds to warrant a reconsideration of the Court's denial of his § 2255 Motion. For these reasons, Miller's Rule 59(e) Motion will be denied.

## IV.   CONCLUSION

Based on the foregoing, we will deny Miller's Rule 59(e) Motion. In addition, we will not issue a certificate of appealability because Miller has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

An appropriate Order follows.